**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN ROBINSON,** | : | **Civil Action No.** |
| **6649 Ridge Avenue** | : | |
| **Philadelphia, PA 19128** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **GEHRING MONTGOMERY, INC.,** | : | |
| **710 Louis Drive** | : | |
| **Warminster, PA 18974** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Bryan Robinson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Gehring Montgomery, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Gehring Montgomery, Inc. is a chemical manufacturing company a location and corporate headquarters at 710 Louis Drive,

Warminster, PA 18974.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on August 13, 2025, alleging race discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2025-08934 and was dual filed with the Pennsylvania Human Relations Act ("PHRA").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 12, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

3

## MATERIAL FACTS

## PLAINTIFF APPLIED TO DEFENDANT

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is African American.

21. On or about June 7, 2024, Plaintiff interviewed for the position of Maintenance Technician at Defendant.

22. Plaintiff was well qualified for the position, as he possessed all required certifications.

## PLAINTIFF ATTENDED THE INTERVIEW AT DEFENDANT AND OVERHEARD MULTIPLE RACIALLY DISCRIMINATORY COMMENTS FROM DEFENDANT'S EMPLOYEES

23. The interview took place in person at Defendant's location and the interview was conducted by Stephen Bitting (Caucasian), Plant Manager.

24. Upon arrival at the location, Plaintiff overheard Defendant's employees casually and repeatedly using racial slurs as if it were common and something of which they were accustomed to in the workplace.

25. Among the comments Plaintiff heard said were the n-word and how Black people were in prison and were not productive members of society.

## PLAINTIFF WAS SUBJECTED TO MULTIPLE RACIALLY DISCRIMINATORY COMMENTS DURING HIS INTERVIEW

26. Bitting greeted Plaintiff with the racial slur "jig", that was offensive to Plaintiff.

27. The interview lasted approximately 48 minutes and Plaintiff was on site for a total time of approximately 50 minutes.

28. During the interview, Bitting stated, "I asked him why he always bring his truck up to you guys, and he says, 'I don't trust no n****** to work on my car'…and I told him, 'Dwight, you can't say that man, but there's some truth to that," or words to that effect.

4

29. In addition, Bitting further stated, "Germantown isn't the nicest place, and we are not the right skin color to be in that side of town," or words to that effect.

30. Plaintiff was offended by Bitting's racially discriminatory comments.

## BITTING INFORMED PLAINTIFF THAT HE WAS A TOP CANDIDATE AND THAT DEFENDANT WOULD NOTIFY HIM IF HE WAS SELECTED FOR THE MAINTENANCE TECHNICIAN POSITION

31. At the completion of the interview, Bitting advised Plaintiff that Defendant would let him know whether he was selected for the position in several months.

32. Plaintiff was told that he was very credentialed and a top candidate for the position.

33. Bitting was retiring later in the year, and the plan relayed to Plaintiff was that whoever was offered the position would initiate employment by training with Bitting for a period of time before he retired.

## DEFENDANT INFORMED PLAINTIFF THAT HE WAS NOT SELECTED FOR THE POSITION

34. Several months later, in or around November 2024, Defendant contacted Plaintiff and advised him that he was not selected for the position.

35. The stated reason provided to Plaintiff by Defendant was that he allegedly did not meet the qualifications of the Maintenance Technician position.

36. This was not true.

37. Defendant offered the position to a non-African American individual.

38. Defendant discriminated against Plaintiff due to his race and subjected him to a hostile work environment in violation of Title VII and the PHRA.

39. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

5

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

40. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

41. Plaintiff is a member of protected classes in that he is African American.

42. Plaintiff was qualified to perform the job for which he applied to.

43. Plaintiff suffered adverse job actions, including, but not limited to failure to hire.

44. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

45. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

46. Defendant discriminated against Plaintiff on the basis of his protected class.

47. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

48. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

49. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

6

52. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Bryan Robinson, requests that the Court grant him the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and

65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: May 13, 2026                    By:    */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*